9/9/2021 6:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57113477
By: Patricia Jones
Filed: 9/9/2021 6:03 PM

# 2021-58136 / Court: 129

NOTICE:  THIS DOCUMENT CONTAINS SENSITIVE DATA.

### NO. _____

| | | |
|---|---|---|
| **LILLIAN AMBER GEORGE, MARIA** | § | **IN THE DISTRICT COURT** |
| **ISABEL OGALDEZ, LILLIAN AMBER** | § | |
| **GEORGE A/N/F OF MINOR J.A.B., AS** | § | |
| **SURVIVING CHILD OF JOSE ALBERTO** | § | |
| **BOCANEGRA, JR. AND LILLIAN** | § | |
| **AMBER GEORGE INDIVIDUALLY AND** | § | |
| **HEIR AT LAW, AS SURVIVING SPOUSE** | § | |
| **OF JOSE ALBERTO BOCANEGRA JR.** | § | |
| **DECEASED** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **JOHN M. HODDE, HENSON FORD INC.,** | § | |
| **ROSENBERG AUTO INVESTORS** | § | |
| **LIMITED PARTNERSHIP D/B/A** | § | |
| **LEGACY FORD, AND FORD MOTOR** | § | |
| **COMPANY** | § | |
| **Defendants.** | § | **OF HARRIS COUNTY, TEXAS** |

### PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, RULE 194.2 INITIAL DISCLOSURE REQUESTS, AND RULE 193.7 NOTICE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Lillian Amber George, Maria Isabel Ogaldez, Lillian Amber George a/n/f of minor ████████████████, as Surviving Child of Jose Alberto Bocanegra, Jr., and Lillian Amber George individually and heir at law, as Surviving Spouse of Jose Alberto Bocanegra Jr. deceased, hereinafter called Plaintiffs, complaining of and about John M. Hodde, Henson Ford Inc., Rosenberg Auto Investors Limited Partnership, D/B/A Legacy Ford, and Ford Motor Company, hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiffs intend that discovery be conducted under Discovery Level 3.

## PARTIES AND SERVICE

2.    Plaintiff, Lillian Amber George, is an Individual whose address is 331 Richey Street, Apt. 72, Pasadena, Texas 77506. Plaintiff Lillian Amber George is the surviving spouse of the deceased, Jose Alberto Bocanegra, Jr.

3.    The last three numbers of Lillian Amber George's driver's license number are 148. The last three numbers of Lillian Amber George's social security number are 348.

4.    Plaintiff, Maria Isabel Ogaldez, is an Individual whose address is 10008 Thrush Street, La Porte, Texas 77571. Plaintiff, Maria Isabel Ogaldez, is the mother of the deceased, Jose Alberto Bocanegra, Jr.

5.    The last three numbers of Maria Isabel Ogaldez's driver's license number are 372. The last three numbers of Maria Isabel Ogaldez's social security number are 547.

6.    Plaintiff, Lillian Amber George a/n/f of minor ███████████████, an Individual whose address is 331 Richey Street, Apt 72, Pasadena, Texas 77506, brings this action as surviving child of Jose Alberto Bocanegra, Jr., a minor child.

7.    The last three numbers of ███████████████ social security number are 302.

8.    Plaintiff, Lillian Amber George individually and heir at law, an Individual whose address is 331 Richey Street, Apt. 72, Pasadena, Texas 77506, brings this action as surviving spouse of Jose Alberto Bocanegra Jr. deceased, an Individual.

9.    The last three numbers of Jose Alberto Bocanegra Jr. deceased's driver's license number are 586. The last three numbers of Jose Alberto Bocanegra Jr.'s social

security number are 222.

10.     As used herein, "Plaintiff" shall include not only named Plaintiffs, but also persons whose claims are being represented by a Plaintiff or persons from whose injuries or death the Plaintiffs' claims are derived.

11.     Defendant John M. Hodde, an Individual who is a resident of Texas, may be served with process at his home at the following address:   1348 Calhoun Road, Eagle Lake, Texas 77434-7002, or wherever he may be found.   Service of said Defendant as described above can be effected by personal delivery.

12.     Defendant Henson Ford Inc., a Corporation based in Texas, is organized under the laws of the State of Texas, with registered office located at 581 IH 45 North, Madisonville, Texas 77864, and service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation for service, Alan L Tinsley, at 201 South Madison, Madisonville, Texas 77864.   Service of said Defendant as described above can be effected by certified mail, return receipt requested.

13.     Defendant, Rosenberg Auto Investors Limited Partnership, D/B/A Legacy Ford, a Corporation based in Texas, is organized under the laws of the State of Texas, with registered office located at 27225 Southwest Freeway, Rosenberg, Texas 77471 and service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation for service, Donald W. Gould II, 1221 Lamar Street, Suite 1000, Houston, Texas 77010.   Service of said Defendant as described above can be effected by certified mail, return receipt requested.

14.     Defendant Ford Motor Company, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, C.T. Corporation Systems, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136., its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

15.     The subject matter in controversy is within the jurisdictional limits of this court.

16.     Plaintiffs seek:

a.     monetary relief over $1,000,000.00.

17.     This court has jurisdiction over Defendant Ford Motor Company, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Ford Motor Company will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

18.     Plaintiffs would show that Defendant Ford Motor Company had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

19.     Furthermore, Plaintiffs would show that Defendant Ford Motor Company engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant

contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

20.    This court has jurisdiction over the parties because Defendant, John M. Hodde is a Texas resident.

21.    This court has jurisdiction over the parties because Defendant, Henson Ford Inc. is a Texas resident.

22.    This court has jurisdiction over the parties because Defendant, Rosenberg Auto Investors Limited Partnership, D/B/A Legacy Ford is a Texas resident.

23.    Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## WRONGFUL DEATH ACT AND SURVIVAL ACTIONS

24.    Plaintiffs' claims are bought pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 71.002(a) & 71.004, which provides Plaintiffs a cause of action and authorizes Plaintiff to bring an action on behalf of all wrongful death beneficiaries for the wrongful death of the deceased spouse, deceased parent and as the surviving parent of her deceased child.

25.    In accordance with the Texas Wrongful Death Act §71.021, Plaintiffs bring a survival action on behalf of her deceased spouse, deceased child and deceased parent for extreme mental injuries, emotional injuries, or both that Mr. Jose Alberto Bocanegra Jr., suffered prior to his death in favor of Mr. Jose Alberto Bocanegra Jr.'s, heirs, legal representatives, and estate. No administration is pending, and none is necessary.

**FACTS**

26.    On or about March 8, 2021, Jose Alberto Bocanegra Jr. deceased (Hereinafter referred to as "Mr. Bocanegra"), was burnt alive when the 2018 Ford Mustang GT bearing vehicle identification number 1FA6P8CF5J5172216 burst into flames after it hit the curb and suddenly and instantaneously exploded caused by a defective fuel tank of the 2018 Ford Mustang GT.

27.    Mr. Bocanegra was twenty- eight years old when he was burnt alive in the 2018 Ford Mustang GT that he was driving at the time, and he was survived by his wife, Lillian Amber George, his mother, Maria Isabel Ogaldez and minor son ██████████ ██████████

28.    Plaintiffs are informed and believe, and upon such information and belief allege John M. Hodde, as the owner of the 2018 Ford Mustang GT, had tested, inspected, serviced, maintained, and offered the 2018 Ford Mustang GT for personal use to Mr. Bocanegra. Further, John M. Hodde, undertook to provide Plaintiff and his family inadequate, inaccurate, and unverified information and warning regarding the safety of the 2018 Ford Mustang GT to the Plaintiff and his family, the suitability of the 2018 Ford Mustang GT for the Plaintiff and his family knowing that the last service on the vehicle was in November of 2019, and there was a recall on the 2018 Ford Mustang GT as it relates to fuel tanks and vehicle fires.

29.    The 2018 Ford Mustang GT was not roadworthy and was defective and unreasonably dangerous because it was negligently checked for defects in material and workmanship, tested for defects, inspected, serviced, maintained, and offered for personal use to Mr. Bocanegra by Defendant, John M. Hodde. Mr. Bocanegra was not

warned of the extreme degree of risk involved with operating a vehicle prone to catching fire and exploding. Further, John M. Hodde, undertook to provide Plaintiff and his family inadequate, inaccurate, and unverified information and warning regarding the safety of the 2018 Ford Mustang GT to the Plaintiff and his family, the suitability of the 2018 Ford Mustang GT for the Plaintiff and his family knowing that the last service on the vehicle was in November of 2019, and without checking if there were any recalls on the 2018 Ford Mustang GT, as it relates to fuel tanks and vehicle fires.

30.     Plaintiffs are informed and believe, and upon such information and belief allege Rosenberg Auto Investors Limited Partnership, D/B/A Legacy Ford (Hereinafter referred to as "Legacy Ford"), had tested, inspected, serviced, maintained, and replaced components of the 2018 Ford Mustang GT when Defendant John M. Hodde serviced the vehicle at Legacy Ford, on or about, November 7, 2019. Further Defendant Legacy Ford, undertook to provide Plaintiff and his family inadequate, inaccurate, and unverified information and warning regarding the safety of the 2018 Ford Mustang GT to the Plaintiff and his family, the suitability of the 2018 Ford Mustang GT for the Plaintiff and his family knowing that the last service on the vehicle was in November of 2019, and without checking for any defects in design, manufacture, workmanship, assembly on the 2018 Ford Mustang GT as it relates to fuel tanks and vehicle fires.

31.     The 2018 Ford Mustang GT was not roadworthy and was defective and unreasonably dangerous because it was negligently tested, inspected, serviced, and maintained, by Defendant Legacy Ford on or about November 7, 2019. At all material times Legacy Ford was engaged in the business of servicing vehicles, including vehicles designed, manufactured, assembled, and distributed by Ford Motor Company.

Further, Legacy Ford, undertook to provide Plaintiff and his family inadequate, inaccurate, and unverified information and warning regarding the safety of the 2018 Ford Mustang GT, to the Plaintiff and his family, the suitability of the 2018 Ford Mustang GT for the Plaintiff and his family knowing that the last service on the vehicle was in November of 2019, and without checking for any defects in design, manufacture, workmanship, assembly on the 2018 Ford Mustang GT as it relates to fuel tanks and vehicle fires.

32.    Plaintiffs are informed and believe, and upon such information and belief allege Henson Ford, Inc., (Hereinafter referred to as "Henson Ford"), had tested, inspected, serviced, maintained, and offered for sale the 2018 Ford Mustang GT when Defendant John M. Hodde purchased the vehicle at Henson Ford. Further Defendant Henson Ford, undertook to provide Plaintiff and his family inadequate, inaccurate, and unverified information and warning regarding the safety of the 2018 Ford Mustang GT, to the Plaintiff and his family, the suitability of the 2018 Ford Mustang GT, for the Plaintiff and his family and without checking for any defects in design, manufacture, workmanship, assembly on the 2018 Ford Mustang GT as it relates to fuel tanks and vehicle fires.

33.    The 2018 Ford Mustang GT was not roadworthy and was defective and unreasonably dangerous because it was negligently tested, inspected, serviced, maintained, and offered for sale by Defendant Henson Ford. At all material times Henson Ford was engaged in the business of servicing vehicles, including vehicles designed, manufactured, assembled, and distributed by Ford Motor Company.

34.    Plaintiffs are informed and believe, and upon such information and belief

allege, Defendant Ford Motor Company (Hereinafter referred to as "Ford"), had manufactured, designed, assembled, tested, inspected, offered for sale, marketed, and distributed the 2018 Ford Mustang GT when Defendant John M. Hodde purchased the vehicle at Henson Ford.

35.    The 2018 Ford Mustang GT was not roadworthy and was defective and unreasonably dangerous because it was negligently manufactured, assembled, offered for sale, tested, inspected, serviced, and maintained, by Defendant Ford. At all material times Ford was engaged in the business of manufacturing, designing, assembling, testing, inspecting, selling, marketing and distributed by Ford Motor Company.

### LIABILITY OF JOHN M. HODDE

36.    Plaintiffs would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence of Defendant John M. Hodde in one or more of the following respects, or by combination thereof:

A.    Failing to inspect said 2018 Ford Mustang GT and its attendant equipment

B.    Failing to properly maintain said 2018 Ford Mustang GT and its attendant equipment

C.    Failing to properly warn Plaintiff about the condition of said 2018 Ford Mustang GT and its attendant equipment

D..    Negligently inviting, enticing, and/or directing Plaintiff into said 2018 Ford Mustang GT

E.    Failing to provide Plaintiff and his family inadequate, inaccurate, and unverified information and warning regarding the safety of the 2018 Ford Mustang GT to the Plaintiff and his family, the suitability of the 2018 Ford Mustang GT for the Plaintiff and his family knowing that the last service on the vehicle was in November of 2019, and there was a recall on the 2018 Ford Mustang GT as it relates to fuel tanks and vehicle fires.

All of which Defendant John M. Hodde knew, or in the exercise of ordinary care, should have known.

37.    In addition, Defendant John M. Hodde expressly and impliedly warranted to Mr. Bocanegra, that the 2018 Ford Mustang GT was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner. Defendant John M. Hodde, knew or should have known that Mr. Bocanegra would use the 2018 Ford Mustang GT, without inspection for defects and dangers. Mr. Bocanegra relied upon these express and implied warranties and was burnt alive when the 2018 Ford Mustang GT exploded, as a result of Mr. Bocanegra's death, Plaintiffs, suffered the injuries and damages set forth below as a proximate result of John M. Hodde's negligence.

38.    Defendant's aforementioned conduct constitutes a careless, negligent, and reckless disregard of a duty of care for others.

### LIABILITY OF HENSON FORD INC.

39.    Plaintiffs would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence of Defendant Henson Ford Inc. in one or more of the following respects, or by combination thereof:

A.    Failing to have sound, efficient and sufficient warning about the defective fuel system of the said 2018 Ford Mustang GT;

B.    Failing to inspect said 2018 Ford Mustang GT and its attendant equipment;

C.    Failing to properly maintain said 2018 Ford Mustang GT and its attendant equipment;

D. Failing to properly warn Plaintiff about the condition of said 2018 Ford Mustang GT and its attendant equipment;

E. Failing to warn foreseeable users of the defective fuel system in the 2018 Ford Mustang GT;

F. Failure to use ordinary care in servicing the 2018 Ford Mustang GT, to ensure a safe product free of inherent dangers for foreseeable users;

G. Failure to supervise and carry out inspections of the 2018 Ford Mustang GT, to ensure a safe vehicle was serviced for foreseeable users;

H. Failure to use ordinary care in servicing a safe product for the ultimate user; and

I. Failing to provide Plaintiff and his family inadequate, inaccurate, and unverified information and warning regarding the safety of the 2018 Ford Mustang GT to the Plaintiff and his family, the suitability of the 2018 Ford Mustang GT for the Plaintiff and his family knowing that Defendant failed to verify if there was a recall on the 2018 Ford Mustang GT, as it relates to fuel tanks and vehicle fires.

40. Defendant Henson Ford, Inc., knew or in the exercise of ordinary care, should have known that the 2018 Ford Mustang GT, would be used without inspection for defects and dangers of it exploding.

41. All of which Defendant Henson Ford Inc. knew, or in the exercise of ordinary care, should have known.

42. In addition, Defendant Henson Ford Inc. expressly and impliedly warranted to the public generally, that the 2018 Ford Mustang GT was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner. Plaintiffs relied upon these express and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

43. At all times material hereto, all of the agents, servants, and/or employees

for Defendant Henson Ford Inc., who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.  Therefore, Defendant Henson Ford Inc., is further liable for the negligent acts and omissions of its employees under the doctrine of Respondeat Superior.

44.     Defendant's aforementioned conduct constitutes a careless, negligent, and reckless disregard of a duty of care for others.

### LIABILITY OF ROSENBERG AUTO INVESTORS LIMITED PARTNERSHIP, D/B/A LEGACY FORD

45.     Defendant Rosenberg Auto Investors Limited Partnership, D/B/A Legacy Ford, is liable for harm caused to Plaintiff, Lillian Amber George, Maria Isabel Ogaldez, Lillian Amber George a/n/f of minor                        as Surviving Child of Jose Alberto Bocanegra Jr., and Lillian Amber George individually and heir at law, as Surviving Spouse of Jose Alberto Bocanegra Jr. deceased, because:

> A.     Defendant Rosenberg Auto Investors Limited Partnership, D/B/A Legacy Ford made an express factual representation about an aspect of the 2018 Ford Mustang GT; the representation was incorrect; the Plaintiffs relied on the representation in obtaining or using the 2018 Ford Mustang GT; and if the aspect of the 2018 Ford Mustang GT had been as represented, the Plaintiffs would not have been harmed by the 2018 Ford Mustang GT or would not have suffered the same degree of harm.

> B.     Defendant Rosenberg Auto Investors Limited Partnership, D/B/A Legacy Ford actually knew of a defect, or with exercise of due diligence should have known that the 2018 Ford Mustang GT at the time Defendant Rosenberg Auto Investors Limited Partnership, D/B/A Legacy Ford supplied the 2018 Ford Mustang GT, could result in harm to individuals like the Plaintiffs.

46.     Plaintiffs would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence of Defendant Rosenberg Auto Investors Limited Partnership,

D/B/A Legacy Ford in one or more of the following respects, or by combination thereof:

    A.    Failure to inspect the fuel system or other systems of said 2018 Ford Mustang GT and its attendant equipment;

    B.    Failing to inspect said 2018 Ford Mustang GT and its attendant equipment;

    C.    Failing to properly maintain said 2018 Ford Mustang GT and its attendant equipment;

    D.    Failing to properly warn Plaintiff about the condition of said 2018 Ford Mustang GT and its attendant equipment;

    E.    Failing to use ordinary care in selling a safe product for the ultimate user; and

    E.    Failing to provide Plaintiff and his family inadequate, inaccurate, and unverified information and warning regarding the safety of the 2018 Ford Mustang GT, to the Plaintiff and his family, the suitability of the 2018 Ford Mustang GT, for the Plaintiff and his family, without verifying if there were any recalls on the 2018 Ford Mustang GT, as it relates to fuel tanks and vehicle fires.

All of which Defendant Rosenberg Auto Investors Limited Partnership, D/B/A Legacy Ford knew, or in the exercise of ordinary care, should have known.

47.    In addition, Defendant Rosenberg Auto Investors Limited Partnership, D/B/A Legacy Ford expressly and impliedly warranted to the public generally, that the 2018 Ford Mustang GT was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner. Plaintiffs relied upon these express and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

48.    At all times material hereto, all of the agents, servants, and/or employees for Defendant Rosenberg Auto Investors Limited Partnership, D/B/A Legacy Ford, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties

of their office or employment. Therefore, Defendant Rosenberg Auto Investors Limited Partnership, D/B/A Legacy Ford, is further liable for the negligent acts and omissions of its employees under the doctrine of <u>Respondeat Superior</u>.

49.     Defendant's aforementioned conduct constitutes a careless, negligent, and reckless disregard of a duty of care for others.

## LIABILITY OF FORD MOTOR COMPANY

50.     While engaged in the manufacture and sale of the 2018 Ford Mustang GT, Defendant Ford Motor Company manufactured and sold a certain 2018 Ford Mustang GT and other like products, to consumers within the stream of commerce. Defendant Ford Motor Company intended and expected that the 2018 Ford Mustang GT, so introduced and passed on in the course of trade would ultimately reach a consumer or user in the condition in which it was originally sold.

51.     Plaintiffs, Lillian Amber George, Maria Isabel Ogaldez, Lillian Amber George a/n/f of minor J.A.B., as Surviving Child of ▇▇▇▇▇▇▇▇▇▇ and Lillian Amber George individually and heir at law, as Surviving Spouse of Jose Alberto Bocanegra Jr. deceased, also allege that the product in question, namely the 2018 Ford Mustang GT, was defective and unsafe for its intended purposes at the time it left the control of Defendant Ford Motor Company and at the time it was sold in that it failed in its design to prevent explosions. Due to the unsafe operation of, but not limited to, fuel system, the product was defectively designed and unreasonably dangerous in that due to the defective fuel system the 2018 Ford Mustang GT, could explode.

52.     Plaintiffs therefore invoke the doctrine of strict liability. Further, in this connection, Plaintiffs would show the court that the defect in design was a producing

cause of the injuries and damages set forth below.

53.    Even though Mr. Bocanegra was not the buyer of the 2018 Ford Mustang GT, which, Defendant Ford Motor Company placed on the market with knowledge that it would be used without inspection for defects and dangers of it exploding.

54.    Defendant Ford Motor Company knew or should have known through exercise of diligence, that ultimate users, operators, and consumers would not and could not properly inspect this product for defects and dangerous conditions, and that detection of such defects and dangers would be beyond capabilities of such persons.

55.    On March 8, 2021, the 2018 Ford Mustang GT, which was being used by Mr. Bocanegra, was substantially unchanged from its condition when sold and distributed by, Defendant Ford Motor Company, in all relevant respects.

56.    Plaintiffs allege that the 2018 Ford Mustang GT's fuel system was defectively designed so as to render it unreasonably dangerous, as evident from the fact that it exploded, and Mr. Bocanegra was burnt alive in the explosion. Further, Plaintiffs', allege that Defendant Ford Motor Company, could have used a safer alternative that existed. Further, Plaintiffs', allege that, defective fuel system was the cause of 2018 Ford Mustang GT's explosion and thus resulting in Mr. Bocanegra being burnt alive in the resulting explosion.

57.    Defendant Ford Motor Company owed various duties to Plaintiff, a foreseeable user of Defendant's product. Defendant breached these duties and was negligent in one or more of the following ways:

A.    Failing to warn foreseeable users of the defective fuel system in its 2018 Ford Mustang GT vehicles;

B.      Failing to warn foreseeable users of the extreme degree of risk associated with operating the 2018 Ford Mustang GT;

C.      Failing to use ordinary care in designing a safe product free of inherent dangers;

D.      Failing to use ordinary care in the assembly of the 2018 Ford Mustang GT, to ensure a safe product free of inherent dangers for foreseeable users;

E.      Failing to supervise and carry out testing and inspections of their product to ensure a safe product was manufactured, free of inherent dangers for foreseeable users;

F.      Failing to use ordinary care in selling a safe product for the ultimate user;

G.      Defendant Ford Motor Company, failed to incorporate available feasible alternative designs which would have significantly reduced the risk of trauma, death without substantially impairing the utility of the 2018 Ford Mustang GT; and

H.      Failing to use ordinary care to notify consumers of known defects and recalls of its vehicles, including 2018 Ford Mustang GT.

**RESERVATION OF RIGHTS**

58.     These allegations against Defendants are made acknowledging that this lawsuit is still in its early stages, and investigation, although undertaken, is continuing.

59.     As further investigation is conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties or dismissing parties from the case. The right to do so, under Texas law, is expressly reserved.

**NOTICE PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 193.7**

60. Please take notice that, pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs intend to use any and all documents produced in response to written discovery by Defendants and all other parties to this action, against such parties in any pretrial proceeding and in trial of this cause.

## INITIAL DISCLOSURES

61.     Pursuant to Texas Rules of Civil Procedure 194.1, effective for all cases filed after January 1, 2021, all parties, "must", without awaiting a discovery request, provide to the other parties the information or material described in Rule 194.2."

62.     Unless otherwise agreed to by the parties or ordered by the court, a party cannot serve discovery until after the initial disclosures are due. Texas Rules of Civil procedure 192.2.

## MISNOMER/ALTER EGO

63.     In the event that any party/parties are misnamed or are not included herein it is Plaintiffs' contention that such was a "misidentification", "misnomer", and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## PRE-EXISTING CONDITION

64.     In the alternative, Plaintiffs would show that if any injury and/or condition from which they currently suffer was pre-existing, then such condition was aggravated, exacerbated, and/or made worse by the negligence of the Defendants herein.

## SUBSEQUENT CONDITION

65.     In the alternative, Plaintiffs would show that if they suffer from any

subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

## U.S. LIFE TABLES

66.    Plaintiffs hereby notify the Defendants of their intention to use U.S. Life Tables as published by the U.S. Government in the Trial of this matter.

## ATTORNEY'S FEES

67.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Chapter 38 of the Texas Civil Practice and Remedies Code; and (b) common law.

## TEXAS RULE OF EVIDENCE 609(f) REQUEST FOR NOTICE

68.    Pursuant to Texas Rule of Evidence 609(f), Plaintiffs, request Defendants to provide written notice of their intent to admit a criminal conviction, as defined in Rule 609, against any witness or any witness a testifying expert witness relies upon at least 100 days before the end of the discovery period.

## EXEMPLARY DAMAGES

69.    Defendant Ford Motor Company's acts or omissions described above, when viewed from the standpoint of Defendant Ford Motor Company at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others.   Defendant Ford Motor Company had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights,

safety, or welfare of Plaintiffs and others.

70.     Based on the facts stated herein, Plaintiffs request exemplary damages be awarded to Plaintiffs from Defendant Ford Motor Company.

### CLAIM FOR DAMAGES FOR WRONGFUL DEATH BY LILLIAN AMBER GEORGE A/N/F OF MINOR █████████████████ AS SURVIVING CHILD OF JOSE ALBERTO BOCANEGRA JR.

71.     This claim for damages resulting from the wrongful death of Jose Alberto Bocanegra Jr., is brought by Lillian Amber George a/n/f of minor ████████████ his surviving son, pursuant to Texas Civil Practice and Remedies Code, 71.001 et. seq. This claim is based upon the facts and legal theories more fully set out herein.

72.     At the time of death, the decedent was in reasonably good health with a normal life expectancy.

73.     The decedent was a loving and dutiful parent and provided reasonable services to his child. Decedent also provided his child with support, both emotional and financial, education and training, happiness, and anticipation of all the pleasures and strengths that a parent can provide to his child, as well as the care, counsel, advice, nurture, guidance, and affection both to and for the minor Plaintiff in the future.

74.     As a result of the wrongful death of Jose Alberto Bocanegra Jr., minor Plaintiff, █████████████ has suffered damages in the past, including termination of the parent-child relationship and severe mental anguish, and will in reasonable probability, continue to suffer damages in the future as a direct result of the wrongful death of Jose Alberto Bocanegra Jr., in an amount which is within the jurisdictional limits of the court.

75.     In addition to and in conjunction with damages claimed hereinabove and

as a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff, ██████████████ was caused to suffer extreme emotional distress and

actual, consequential damages including but not limited to the following:

    A.    Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff, ██████████████ for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Loss of Parental Consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

    F.    Loss of Parental Consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

    G.    Loss of Household Services in the past;

    H.    Loss of Household Services in the future;

    I.    Mental anguish in the past;

    J.    Mental anguish in the future; and

    K.    Cost of medical monitoring and prevention in the future.

**CLAIM FOR DAMAGES FOR WRONGFUL DEATH BY LILLIAN AMBER GEORGE INDIVIDUALLY AND HEIR AT LAW, AS SURVIVING SPOUSE OF JOSE ALBERTO BOCANEGRA JR. DECEASED**

    76.    This claim for damages resulting from the wrongful death of JOSE

ALBERTO BOCANEGRA JR. DECEASED, is brought by Lillian Amber George

individually and heir at law, his surviving spouse, pursuant to Texas Civil Practice and Remedies Code, 71.001 et. seq. This claim is based upon the facts and legal theories more fully set out herein.

77.    At the time of death, the decedent was in reasonably good health with a normal life expectancy.

78.    The decedent was a loving and dutiful spouse, and provided reasonable household services to his spouse, as well as love, care, affection, nurture, advice, counsel, guidance, and affection, all of which he would have continued to provide in the future.

79.    As a result of the wrongful death of JOSE ALBERTO BOCANEGRA JR. DECEASED, his spouse has suffered damages in the past, including pecuniary loss, termination of the spousal relationship and mental anguish, and in reasonable probability, she will continue to suffer damages in the future as a direct result of the wrongful death of JOSE ALBERTO BOCANEGRA JR. DECEASED, in an amount within the jurisdictional limits of the court.

80.    In addition to and in conjunction with damages claimed hereinabove and as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Lillian Amber George individually and heir at law, his surviving spouse, was caused to suffer extreme emotional distress and actual, consequential damages including but not limited to the following:

> A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Lillian Amber George individually and heir at law, his surviving spouse, for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County,

Texas;

B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future;

E.   Loss of Spousal Consortium in the past, including damages to the marital relationship, including loss of care, comfort, solace, companionship, protection, services, and/or spousal love;

F.   Loss of Spousal Consortium in the future including damages to the marital relationship, including loss of care, comfort, solace, companionship, protection, services, and/or spousal love;

G.   Loss of Household Services in the past;

H.   Loss of Household Services in the future;

I.   Mental anguish in the past;

J.   Mental anguish in the future; and

K.   Cost of medical monitoring and prevention in the future.

**CLAIM FOR DAMAGES FOR WRONGFUL DEATH BY MARIA ISABEL OGALDEZ, AS SURVIVING PARENT OF JOSE ALBERTO BOCANEGRA JR. DECEASED**

81.     This claim for damages resulting from the wrongful death of JOSE ALBERTO BOCANEGRA JR. DECEASED, is brought by Maria Isabel Ogaldez, his surviving Parent, pursuant to Texas Civil Practice and Remedies Code, 71.001 et. seq. This claim is based upon the facts and legal theories more fully set out herein.

82.     At the time of death, the decedent was in reasonably good health with a normal life expectancy.

83.     The decedent was a loving and dutiful son, and provided reasonable household services to his mother, as well as support love, care, affection, nurture,

advice, counsel, guidance, and affection, all of which he would have continued to provide in the future.

84.     As a result of the wrongful death of JOSE ALBERTO BOCANEGRA JR. DECEASED, his mother has suffered damages in the past, including pecuniary loss, termination of the parent-child relationship and mental anguish, and in reasonable probability, she will continue to suffer damages in the future as a direct result of the wrongful death of JOSE ALBERTO BOCANEGRA JR. DECEASED, in an amount within the jurisdictional limits of the court.

85.     In addition to and in conjunction with damages claimed hereinabove and as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Maria Isabel Ogaldez, his mother, was caused to suffer extreme emotional distress and actual, consequential damages including but not limited to the following:

      A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Maria Isabel Ogaldez, his surviving mother, for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

      B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

      C.    Physical pain and suffering in the past;

      D.    Physical pain and suffering in the future;

      E.    Loss of Parental Consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

      F.    Loss of Parental Consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

G.   Loss of Household Services in the past;

H.   Loss of Household Services in the future;

I.   Mental anguish in the past;

J.   Mental anguish in the future; and

K.   Cost of medical monitoring and prevention in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Lillian Amber George, Maria Isabel Ogaldez, Lillian Amber George a/n/f of minor J.A.B., as Surviving Child of Jose Alberto Bocanegra Jr., and Lillian Amber George individually and heir at law, as Surviving Spouse of Jose Alberto Bocanegra Jr. deceased, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Texas Civil Practice and Remedies Code, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

Lamba & Associates, PC

By:  /s/ Rahul Lamba
Rahul Lamba
Texas Bar No. 24031415

Page **24** of **25**

Email:  lawofficeofrahullamba@gmail.com
11211 Katy Freeway
Suite 250
Houston, TX 77079
Tel. (713) 467-7844
Fax. (713) 467-7637
Attorney for Plaintiffs
Lillian Amber George, Maria Isabel
Ogaldez, Lillian Amber George a/n/f of
minor J.A.B., as Surviving Child of Jose
Alberto Bocanegra Jr., and Lillian Amber
George individually and heir at law, as
Surviving Spouse of Jose Alberto
Bocanegra Jr. deceased

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**